IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| DARRELL SPARKMAN | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| vs. | ) | |
| | ) | |
| THE WINCHESTER GROUP, INC.; | ) | |
| OLIN CORPORATION; WINCHESTER | ) | |
| AMMUNITION; U.S. REPEATING | ) | **JURY TRIAL DEMANDED** |
| ARMS COMPANY, INC.; and | ) | |
| WAL-MART STORES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY, PIKEVILLE DIVISION:

PURSUANT to 28 U.S.C. §§ 1332(a), 1441(a) and 1446, Defendant Olin Corporation ("Olin"), by and through its undersigned counsel, hereby removes this action from the Circuit Court of Letcher County, Commonwealth of Kentucky, to the United States District Court for the Eastern District of Kentucky, Pikeville Division. As grounds for this removal, Olin states as follows:

1. This Court has original jurisdiction of this action and the case is removable pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity among all properly joined parties in this action and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## BACKGROUND

2. On or about October 1, 2009, Plaintiff filed a Complaint styled *Darrell Sparkman v. The Winchester Group, Inc.*, *et al.*, Case No. 09-CI-336, in the Circuit Court of Letcher

County, Commonwealth of Kentucky (the "Action"). Attached hereto collectively as Exhibit A are copies of the Summons and Complaint served upon Olin, which constitute all of the process, pleadings, and order served upon Olin to date in the Action. 28 U.S.C. § 1446(a).

3. The Action alleges that Plaintiff suffered serious physical injuries arising out of an incident involving an allegedly defective Winchester Model 70 rifle and allegedly defective Winchester Ballistic Silvertip 270 ammunition. Exhibit A, Complaint, ¶ 10. Plaintiff alleges that Olin and other Defendants negligently or improperly designed, manufactured, sold, and/or failed to warn Plaintiff about the allegedly defective rifle and/or ammunition. Id., ¶¶ 11, 13, 15-32. Plaintiff brings causes of action of negligence, breach of implied or express warranties, and strict liability against Olin and the other Defendants. Id. Plaintiff seeks compensatory damages for past, present, and future (a) physical pain and suffering, (b) mental pain and suffering, (c) loss of impairment to earn money, and (d) medical expenses. Id., ¶ 34. Plaintiff also seeks recovery of punitive damages. Id., ¶¶ 35-36.[1]

### THIS REMOVAL IS TIMELY AND COMPLIES WITH § 1446

4. In compliance with 28 U.S.C. § 1446(a), Olin files herewith as Exhibit A true and legible copies of all process, pleadings, and orders served on Olin to date.

5. Upon information and belief, on or about October 19, 2009, Plaintiff filed an Amended Complaint in the Circuit Court of Letcher County, Commonwealth of Kentucky. To date, Olin has not been served with the Amended Complaint and is informed and believes that no

---

[1] Plaintiff also seeks recovery of his attorneys' fees, Exhibit A, Complaint, Prayer for Relief ¶ (c), but Olin is unaware of any basis within Plaintiff's Complaint entitling him to attorneys' fees. *See Louisville Label, Inc. v. Hildesheim, Ky.*, 843 S.W.2d 321, 326 (1992) ("Absent a written agreement or authorizing statute, a party to an action may not recover attorney fees from the adverse party."). Accordingly, Olin does not consider Plaintiff's claims for attorneys' fees for purposes of the amount in controversy at issue here.

2

**Error! Unknown document property name.**

other Defendant has yet been served with the Amended Complaint.  Accordingly, Olin relies on the Original Complaint filed on October 1, 2009 as the basis for this removal.  *See Thompson v. Victoria Fire & Cas. Co.*, 32 F.Supp.2d 847, 848 (D.S.C. 1999). ("The complaint in effect at the time of removal was the original complaint because the amended complaint, although filed with the state court, had yet to be served on the defendants as required…"); *Eber Bros. Wine & Liquor Corp. v. Firemen's Ins. Co. of Newark*, 29 F.Supp. 772, 773 (D.C.N.Y. 1939) (refusing to consider amended complaint served after notice of removal was filed).  Once Olin is served with the Amended Complaint, Olin will provide a copy of it to the Court.  As explained below, *see infra* ¶ 27, even if the Court considers the Amended Complaint for purposes of removal, diversity jurisdiction still exists in this Action, and removal to this Court is proper.

6. On or about October 7, 2009, Defendant Olin was served with summons and Plaintiff's Original Complaint ("Complaint") by mail.  <u>Exhibit A</u>, Summons.

7. Upon information and belief, Defendant Wal-Mart Stores, Inc. was served with summons and Plaintiff's Complaint on or about October 5, 2009.

8. Upon information and belief, Defendant U.S. Repeating Arms Company, Inc. was served with summons and Plaintiff's Complaint on or about October 6, 2009.

9. Upon information and belief, to date no other Defendant in this Action has been served with summons or Plaintiff's Complaint.

10. This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) because less than thirty (30) days have elapsed since October 7, 2009 when Olin was served with Plaintiff's Complaint.  In fact, less than thirty (30) days have elapsed since any Defendant in this Action was served with Plaintiff's Complaint.  Accordingly, this removal is timely under 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days of October 7, 2009.  *See Murphy Bros. v.*

**Error! Unknown document property name.**

*Michael Pipe Stringing, Inc.,* 526 U.S. 344 (1999) (the thirty day removal period does not begin to run until a defendant is formally served with the complaint).

11. All Defendants properly joined and thus far served with summons and Plaintiffs' Complaint consent to the removal of this Action, and will file separate consents to this Notice of Removal within thirty (30) days of their respective dates of service. 28 U.S.C. § 1446; *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516-17 (6th Cir. 2003)

12. With the consent of all Defendants properly joined and served, Defendant Olin wishes to exercise its right under the provisions of 28 U.S.C. §§ 1441, *et seq.*, to remove this action from the Circuit Court of Letcher County, Commonwealth of Kentucky to this Court based upon diversity jurisdiction.

13. The Circuit Court for Letcher County, Commonwealth of Kentucky is within this district and division of the federal courts of Kentucky, and therefore this Notice of Removal is properly filed in this Court. See L.R. 3.1(a)(6).

14. Pursuant to the requirement of 28 U.S.C. § 1446(d), Olin will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Letcher County, Commonwealth of Kentucky, where the Complaint was originally filed.

## DIVERSITY JURISDICTION EXISTS

### A. The Diversity of Citizenship Requirement Is Satisfied

15. This Court has original jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiff and the properly joined Defendants.

16. According to the Complaint, at the time of the commencement of this Action and at all times since, the Plaintiff resides in Kentucky. Consequently, for purposes of diversity

4

jurisdiction pursuant to 28 U.S.C. §1332(a)(1), he is a citizen of the Commonwealth of Kentucky.  Exhibit A, Complaint, ¶ 1.

17. At the time of the commencement of this Action and at all times since, Defendant Olin is a corporation organized under the laws of Virginia with its principal place of business in Missouri.  Id., ¶ 4.  Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332(c)(1), Olin is a citizen of the States of Virginia and Missouri.

18. Upon information and belief, at the time of the commencement of this Action and at all times since, Defendant The Winchester Group, Inc. is and has been a corporation incorporated under the laws of the State of Illinois, with its principal place of business in the State of Illinois.  Id., ¶ 3.  Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332(c)(1), Defendant The Winchester Group, Inc. is a citizen of the State of Illinois.

19. Plaintiff's Complaint names as a separate defendant "Winchester Ammunition," which is alleged to be a subsidiary of Olin.  Id., ¶ 5.  However, "Winchester Ammunition" is not a subsidiary of Olin; in fact, there is no legal entity called "Winchester Ammunition."  Defendant Olin Corporation does have a "Winchester Division," but this is not a separate legal entity that is capable of suing or being sued.  Defendant Olin Corporation presumes all allegations in Plaintiff's Complaint against "Winchester Ammunition" are directed at the "Winchester Division" of Olin Corporation.  Regardless, the citizenship of non-legal entity "Winchester Ammunition" must be disregarded for purposes of determining diversity.  28 U.S.C. § 1441(a) (noting a defendant must be "properly joined" in order to defeat diversity).

20. Upon information and belief, at the time of the commencement of this Action and at all times since, Defendant U.S. Repeating Arms Company, Inc. is and has been a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the

5

State of Connecticut.  Id., ¶ 6.  Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332(c)(1), Defendant U.S. Repeating Arms Company, Inc. is a citizen of the States of Delaware and Connecticut.

21. Upon information and belief, at the time of the commencement of this action and at all times since, Defendant Wal-Mart Stores, Inc., is a corporation incorporated under the laws of the State of Arkansas, with its principal place of business in the State of Arkansas.  Id., ¶ 7.  Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332(c)(1), Defendant Wal-Mart Stores, Inc., is a citizen of the State of Arkansas.

22. In the body of his Complaint, Plaintiff references an additional Defendant, Timothy C. Breeding, who is alleged to be an individual residing in Kentucky.  Exhibit A, Complaint, ¶ 2.  Mr. Breeding is not named in the caption of the Complaint, however, and upon information and belief, he has not been served with summons.  In fact, no summons has ever issued for Mr. Breeding, and he is not properly joined in the action.

23. Indeed, because Mr. Breeding has not been named in the caption of the Complaint or summoned in the above referenced action, he is not a proper defendant under either Kentucky or federal law, and therefore his citizenship is disregarded for purposes of diversity jurisdiction. 28 U.S.C. § 1441(b) (stating that a non-diverse defendant must be "properly joined" to impact diversity removal).

24. Pursuant to Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." FED. R. CIV. P. 10 (2009) (emphasis added).  Similarly, pursuant to Rule 10.01 of the Kentucky Rules of Civil Procedure, "the style of the action shall include the names of all the parties." KY. R. CIV. P. 10.01 (emphasis added).  Failure to comply with these rules renders the unnamed defendant an improperly joined or non-defendant, requiring

6

dismissal of the plaintiff's action against the unnamed defendant. *See McCoy v. Western Baptist Hosp.*, 628 S.W.2d 634, 636 (Ky. Ct. App. 1981) (failure to comply with Rule 10.01 results in dismissal of the complaint against the unnamed defendant); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all *named plaintiffs* and all *named defendants*, and no defendant is a citizen of the forum State.  It is not incumbent on the named defendants to negate the existence of a *potential* defendant whose presence in the action would destroy diversity.") (emphasis added).

25. Despite the allegations in paragraph 2 of the Complaint referring to Mr. Breeding as a "defendant" or otherwise discussing his citizenship, Mr. Breeding is not named in the caption of the Complaint and no summons for his appearance has been issued.  Moreover, there are no substantive allegations against him; his only reference is in paragraph 2 of the Complaint, which alleges his residency in Kentucky. Exhibit A, Complaint, ¶ 2.  Thus, he is not a named or properly joined defendant, and his citizenship is disregarded for purposes of determining diversity jurisdiction.

26. For the same reasons, Mr. Breeding has been fraudulently joined and his citizenship must be disregarded for purposes of analyzing diversity jurisdiction. *Saginaw Housing Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) ("[F]raudulent joinder of non-diverse defendants will not defeat removal on diversity grounds" and "occurs when the non-removing party joins a party against whom there is no colorable cause of action.").  Because Mr. Breeding is not named in the title or caption of the Action, any claims against him must be dismissed. *McCoy*, 628 S.W.2d at 636.  Accordingly, Plaintiff does not have a colorable claim against Mr. Breeding.  In addition, Plaintiff fails to allege *any* facts in his Complaint about Mr.

7

Breeding's alleged improper, negligent, or wrongful conduct. Apart from the allegations involving Mr. Breeding's residence, Exhibit A, Complaint, ¶ 2, there are no allegations related to Mr. Breeding whatsoever, much less any allegations regarding his role in causing Plaintiff's alleged injuries. Accordingly, Plaintiff has not stated a colorable cause of action against Mr. Breeding and cannot use him to defeat diversity jurisdiction.

27. Finally, even if this Court were to consider the Amended Complaint rather than the Original Complaint for purposes of diversity jurisdiction, upon information and belief, the only change between the Original Complaint and the Amended Complaint involving the parties is the addition of a new defendant, Chattanooga Shooting Supplies, Inc. Upon further information and belief, at the time of the commencement of this Action and at all times since, Defendant Chattanooga Shooting Supplies, Inc. is and has been a corporation incorporated under the laws of the State of Tennessee, with its principal place of business in the State of Tennessee. Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332(c)(1), Defendant Chattanooga Shooting Supplies, Inc. is a citizen of the State of Tennessee.

28. Accordingly, there is complete diversity for purposes of 28 U.S.C. §1332(a).

**B.  The Amount In Controversy Requirement Is Satisfied**

29. Plaintiff states that due to the allegedly defective condition of the Winchester Model 70 rifle and/or Silvertip 270 Ammunition, he suffered "serious injuries." Exhibit A, Complaint, ¶ 11. He seeks recovery for "past, present and future physical pain and suffering" as a result of such "serious injuries." Id., ¶ 34.

30. Plaintiff further alleges that as a proximate result of Defendants' actions, he has incurred "past, present, and future" mental pain and suffering, impairment to earn money, and medical expenses. Id., ¶ 34. Plaintiff also seeks punitive damages. Id., ¶¶ 35-36.

Error! Unknown document property name.

31. Based on the allegations and the nature of the damages sought in Plaintiff's Complaint, it is more likely than not that the amount in controversy in this Action exceeds $75,000.00, exclusive of interest and costs. *See Hollon v. Consumer Plumbing Recovery Ctr.*, 417 F.Supp.2d 849, 851 (E.D. Ky. 2006) ("[I]f Plaintiff's claim is for unspecified damages, the defendant can prove that removal is proper by" showing "that it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirement.") (citing *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) and *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993)).

32. Plaintiff's alleged pure compensatory damages more likely than not exceed $75,000, in light of the fact he seeks recovery for "past, present, and future" physical pain and suffering, mental pain and suffering, impairment to earn income, and medical expenses. If Plaintiff suffered "serious injuries," his claimed compensatory damages alone from these alleged injuries more likely than not exceeds $75,000. *See Smith v. Wyeth, Inc.*, 488 F.Supp.2d 625, 630 (W.D. Ky. 2007) ("the Court finds that the Plaintiff's allegations of permanent nerve damage, pain and suffering, punitive damages, and past and future medical expenses likely amount to claims in excess of $75,000") (citing *Klepper v. First Am. Bank*, 916 F.2d 337, 341 (6th Cir. 1990)).

33. Moreover, Plaintiff seeks punitive damages. "Punitive damages are included in the amount in controversy, 'unless it is apparent to a legal certainty that such cannot be recovered.'" *Hollon*, 417 F.Supp.2d at 851.

34. Here, Plaintiff alleges that Defendants exhibited a "reckless and malicious indifference to the safety of others," and acted in a "grossly negligent, wanton, willful, [and] reckless" way, with "complete disregard for the safety and life of the Plaintiff." <u>Exhibit A</u>,

9

Complaint ¶ 36. Although Olin disputes these allegations, should Plaintiff prevail on his claims, he would be entitled to recover punitive damages under Kentucky law. *See Hollon*, 417 F.Supp.2d at 852 ("If Plaintiff prevails on her products liability…claim[] and proves that Defendant's actions were malicious, oppressive, or fraudulent, Plaintiff would be eligible for punitive damages.") (citing K.R.S. § 411.184).

35. The amount in controversy is met easily by combining the Plaintiff's alleged multiple compensatory damages with even a conservative 1-1 ratio of punitive damages. *See Hollon*, 417 F.Supp.2d at 853 (citing cases approving punitive to compensatory damage ratios ranging from 1.5-1 to over 10-1, and applying conservative 1-1 ratio to find amount in controversy satisfied). In other words, even assuming Plaintiff's total compensatory damages of "past, present and future" physical pain and suffering, mental pain and suffering, inability to earn wages, and medical expenses total only $37,501, when combined with his claim for punitive damages at a 1-1 ratio, the amount in controversy here is satisfied.

## CONCLUSION

36. By reason of the amount in controversy and the complete diversity of citizenship of the parties, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

37. Defendant Olin reserves the right to amend or supplement this Notice of Removal and requests a trial by jury.

WHEREFORE, Defendant Olin Corporation requests that the action styled *Darrell Sparkman v. The Winchester Group, Inc. et al.*, Case No. 09-CI-336 in the Circuit Court of Lecher County, Commonwealth of Kentucky be removed to this Court, that this Court take

Error! Unknown document property name.

subject matter jurisdiction of this action, and for such further relief as this court deems just and proper.

Dated:  October 27, 2009                    Respectfully submitted,


　　／s/ Neal Smith＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Neal Smith
Smith, Thompson & Carter, PLLC
140 Scott Avenue
Pikeville, KY  41501
Telephone: (606)432-2156
Facsimile: (606)437-7894
Email: nealsmith@setel.com

**Daniel P. Jaffe**
**Robyn D. Buck**
Husch Blackwell Sanders LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Phone: 314.480.1815
Fax: 314.480.1505
E-Mail: robyn.buck@huschblackwell.com
E-Mail: dan.jaffe@huschblackwell.com


**ATTORNEY FOR DEFENDANT OLIN CORPORATION**

**Error! Unknown document property name.**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on October 27, 2009, the foregoing Notice of Removal foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system and/or via first class mail, postage prepaid, upon the following:

Daniel F. Dotson
178 Main Street, Suite 1
Whitesburg, KY 41858
(606) 633-4467

**ATTORNEY FOR THE PLAINTIFF**

Wal-Mart Stores, Inc.
CT Corporation System
4169 Westport Road
Louisville, KY 40207

_____

**Error! Unknown document property name.**